WERNER & COMPANY, INCORPORATED, complainant,

*v.*

CENTURY DYE WORKS, INCORPORATED, a New Jersey corporation, defendant, and MICHAEL KAUFMAN, petitioner-appellant.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. Merritt Lane,* for the appellant.

*Mr. Herman W. Fishbein,* for the respondents receivers of Century Dye Works, Incorporated.

PER CURIAM.

Defendant, Century Dye Works, Incorporated, is an insolvent corporation, so declared in the proceeding from which the present litigation is an outgrowth. The receivers filed a petition seeking to fasten upon the stockholders of the defendant corporation an assessment for unpaid subscriptions. An order followed directing an assessment of $50 per share against the appellant, Michael Kaufman, and four others. There was a rehearing, as a result of which it was found by the court of chancery that Michael Kaufman had been the owner of fifty shares of the capital stock of the insolvent company and that the stock had been issued without consideration; and a decree was entered assessing $50 per share, or $2,500 in the aggregate, against Kaufman.

We pass to appellant's second point which contains the double assertion that non par stock cannot be assessed and that there was no proof upon which the court could find to what extent the stock was not fully paid. The corporate stock was without nominal or par value. *P. L. 1926 ch. 318; Cum. Supp. Comp. Stat. 1925-1930 p. 291 §§ 120, 121.* We shall assume, without deciding, that such stock may be issued only for consideration, that a holder is liable to assessment for unpaid consideration and that Kaufman was the holder of such stock in the defendant corporation. That leaves the single question: was there proof upon which the court could find to what extent the stock was not fully paid?

One Charles Levy appears to have been the active incorporator of the company. At any rate the only outstanding stock of the company was originally issued seventy-five shares to Levy and twenty-five shares to John Adler; and Adler's shares were held in escrow subject to purchase by Levy. The record does not disclose what, if any, consideration there was for this original issue. The company was fully manned, both as to officers and directors. Sometime later, by negotiations between Levy and Kaufman, fifty of Levy's shares were assigned to Kaufman, the offices and directorships were divided between the Levy and the Kaufman interests, and certain of the company books, among them a journal, were placed in the hands of an accountant. Still later Kaufman and his associates severed their connection with the corporation and with Levy, and the Kaufman stockholdings were reassigned to Levy. Levy accepted the reassignment, but the shares were not actually transferred back to him on the books of the company. Subsequently the receivership proceedings occurred, and the receivers found the following entry in the journal:

"$5,000
    I. Leasehold
       Capital Stock ........... ...................... $5,000
   To record the issue of 100 shares of stock for a leasehold on the Plant and Machinery at Shady and Bleecker Sts., Paterson, New Jersey."

The receivers allege that that item is a corporation set-up to show a consideration for the stock issued; that it gives a value of $5,000 to the stock; that the leasehold is and was without value; that therefore no consideration was paid for the stock and that by that showing Kaufman becomes responsible. But there are several links missing from that chain of argument. The leasehold was under an agreement of lease made between the defendant company and its landlord. There is nothing to suggest that the item was entered at or before the original issue of the stock, and, as has already been said, there are no proofs either that there was or that there was not consideration for the original issue. The entry

referred to was apparently made by the accountant and after the incoming of the Kaufmans. No authority for it, either from officers, directors or stockholders, appears in the minutes or otherwise. Kaufman denies supervision of the entries in the books of account and says that he had nothing to do with the entry of the leasehold or stock valuation. Levy specifically denies that he gave direction to the accountant or that he spoke to the Kaufmans about placing any value on the leasehold.

An isolated, unexplained, unauthorized, unratified entry by an employe in a corporation journal, made subsequent to the issue of non par stock and with no causative or immediate relationship thereto, is not a fixing of value by the corporation for the issue of the stock and may not be taken as the measure of liability of a stockholder to creditors of the corporation. Further, we find nothing in the circumstances of the case to raise an estoppel against Kaufman. With that item out, there is nothing upon which the value of the stock at the time of issue, or the consideration for the issue, may be determined. The value at the time of either the assignment to the Kaufmans or the reassignment to Levy has no bearing.

The decree below is reversed and the record remitted to the court of chancery with directions to set aside the assessment against the appellant, Michael Kaufman.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.